401 A.2d 331

**COMMONWEALTH of Pennsylvania**

v.

**Bruce Alan WILLIAMS, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 5, 1979.

Decided May 1, 1979.

John J. Petrush, McClain, Petrush, Young & Miller (Court-appointed), Beaver Falls, for appellant.

John Lee Brown, Jr., Asst. Dist. Atty., Beaver, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

On April 1, 1976, appellant pleaded guilty to murder of the second degree and was sentenced to life imprisonment. No appeal was taken from the judgment of sentence. In January of 1977, appellant filed a pro se petition under the Post Conviction Hearing Act, 19 P.S. §§ 1180–1 et seq., seeking to set aside his guilty plea. Counsel was appointed and an amended petition was filed. After an evidentiary hearing, the Court of Common Pleas of Beaver County denied the petition. This appeal followed.

Ralph F. Aumack was found dead in his home on the afternoon of October 30, 1975. An autopsy revealed that his death was caused by a gunshot wound to the head. Appellant, then fifteen years of age, was arrested on the evening of the next day. He was given *Miranda* warnings by police and without consulting an interested adult admitted that he shot the victim.

According to appellant's confession the victim caught appellant in the act of burglarizing the victim's home. After the victim phoned the police, appellant attempted to flee and a struggle ensued. The victim knocked appellant down and began choking him. Appellant then pulled a gun from his pocket and shot the victim. After taking the victim's wallet and other articles, appellant left the scene in the victim's car.

On November 3, 1975, an information was filed against appellant charging him with murder of the first and second degree. The Commonwealth possessed evidence that, contrary to appellant's confession, appellant had planned the killing. The Commonwealth agreed that if appellant pleaded guilty to murder of the second degree he would not be tried for murder of the first degree. Appellant entered his guilty plea in accordance with this plea agreement.

Appellant contends that the post-conviction hearing court erred in refusing to set aside his guilty plea. He argues that he is entitled to collateral relief on three grounds: (1) that his plea was the result of an illegal confession and that his counsel was ineffective in failing to move for its suppression; (2) that although appellant stated a defense of self-protection during his guilty plea colloquy the record of that colloquy fails to demonstrate a knowing waiver of that defense; and (3) that trial counsel's failure to advise appellant of the availability of the defense of self-protection rendered the plea involuntary, unknowing, and unintelligent. Review of appellant's claims satisfies us that they are

unmeritorious. We therefore affirm the post-conviction hearing court's denial of the petition.[1]

I

■ Appellant argues first that he should be permitted to withdraw his guilty plea because it was primarily motivated by a constitutionally defective confession and was entered on the ineffective advice of counsel.[2] The post-conviction hearing court agreed with appellant that his confession was illegally obtained because he was not afforded an opportunity to consult with an interested adult. E. g., *Commonwealth v. McCutchen*, 463 Pa. 90, 343 A.2d 669, cert. denied, 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1975). The post-conviction hearing court found, however, that appellant's guilty plea was not primarily motivated by his confession.[3]

■ The record before the court revealed that the murder weapon had been identified as a gun given to appellant on October 29, 1975, and that police had a note written by appellant prior to the killing expressing his intention to kill the victim. In addition, a co-participant in the burglary was able to verify the contents of the note and also to testify that when he left the scene of the burglary appellant remained in the victim's home. Appellant was aware of this damaging evidence when he entered his guilty plea and knew that by accepting the plea agreement he avoided a

1. It is appropriate to address appellant's claims in this collateral attack because defense counsel's alleged ineffectiveness, if proven, would excuse the failure to raise the claims on direct appeal. Post Conviction Hearing Act, 19 P.S. §§ 1180–3(d), 1180–4(b); see *Commonwealth v. Tunnell*, 463 Pa. 462, 345 A.2d 611 (1975); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

2. If proved these allegations would justify the relief sought. See *Commonwealth v. Kittreles*, 465 Pa. 431, 350 A.2d 842 (1976); *Commonwealth v. Marsh*, 440 Pa. 590, 271 A.2d 481 (1970).

3. The post-conviction hearing court also concluded that defense counsel was not ineffective in failing to move to suppress appellant's confession. In view of our disposition, we need not address this issue or the issue whether the court was correct in concluding that appellant's confession was illegally obtained.

charge of murder of the first degree.[4] Although appellant testified at his post-conviction hearing that his confession was the major factor which led him to plead guilty and although defense counsel testified that the confession was an "important factor" in his decision to recommend the plea, the post-conviction hearing court found that other evidence and circumstances motivated the guilty plea. This determination of the court is supported by the record.[5]

## II

 Appellant further contends that his testimony at the guilty plea hearing made out a complete defense of self-protection under section 505 of the Crimes Code, 18 Pa.C.S.A. §§ 101 et seq. He argues that because the record of that hearing fails to show that he knowingly waived the defense, his plea was not voluntary, knowing, and intelligent and must now be set aside. In *Commonwealth v. Rodgers,* 465 Pa. 379, 383, 350 A.2d 815, 818 (1976), this Court stated:

"We have often held that when a guilty plea is accompanied by the assertion of facts which make out a defense to the crimes charged, the plea may not be accepted unless the discrepancy is resolved. The defendant must be aware, and the record must show that he is aware, that his defense cannot be considered when he enters a guilty plea. The record must affirmatively demonstrate that he knows that by pleading guilty he waives the opportunity to

4. The post-conviction hearing court also noted that appellant testified at the PCHA hearing that his plea was influenced "a little bit" by trial counsel's advice that the defense of self-protection was unavailable.

5. Appellant contends in his brief that all the additional evidence described above was inadmissible as the fruit of an illegal confession. The record does not substantiate this argument. The amended PCHA petition itself makes no claim that evidence other than the confession was illegally obtained, nor does the record show that any argument was made or evidence presented to the post-conviction hearing court to sustain appellant's contention. On one occasion during the post-conviction hearing defense counsel was asked whether the inculpatory note written by appellant was discovered as a result of the confession. Defense counsel would not testify that it was and appellant offered no evidence to prove a connection.

assert facts which may establish the defense of self-defense."

Accord, *Commonwealth v. Roundtree,* 440 Pa. 199, 269 A.2d 709 (1970). Here, however, appellant's plea may not be set aside, because his testimony did not recite facts which would constitute a defense under section 505.

At his guilty plea hearing appellant admitted that on October 29, 1975, he burglarized the victim's home and shot the victim:

"Q. Do you understand that charge [murder]?

A. Yes.

Q. What does it mean to you?

A. It means I shot him.

Q. For no reason?

A. I was in his house when he come home. He caught me.

Q. He caught you doing what?

A. Caught me in his house.

Q. What were you doing there?

A. Burglarizing."

After further questioning by the court, appellant testified to the following events:

"Well, I hid in the cellarway, and he come in the house, And I guess he walked through the house, and he found me. I tired [sic] to get away. He closed the door on me, and he called the police, told them to come to his house right away. And as soon as he hung up, I tried to get away again. I couldn't get out the back door. And he come and started fighting. And he started choking me. That's when I shot him."

This testimony does not support or even suggest that at the time appellant shot the victim he believed the victim was threatening him with unlawful deadly force. Rather, it merely describes appellant's unlawful use of deadly force during a struggle with the unarmed homeowner precipitated by appellant's attempt to flee after the police had been

called. It is, of course, beyond dispute that a killing caused by a burglar in the course of an attempt to flee the scene of the burglary constitutes murder of the second degree.[6] In the circumstances of this case where appellant's degree of guilt was limited by agreement to murder of the second degree, there was no need for any further on-the-record inquiry.

## III

Appellant also claims that his guilty plea was involuntary because his trial counsel advised him that self-protection was not available as a defense to murder of the second degree. Appellant has, however, failed to show that counsel's advice lacked a reasonable basis designed to advance appellant's interest.

This Court stated in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967):

"We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is deter-

**6.** 18 Pa.C.S.A. § 2502(b) provides:
"(b) Murder of the second degree.—A criminal homicide constitutes murder of the second degree when the death of the victim occurred while defendant was engaged as a principal or an accomplice in the perpetration of a felony."
Section 2502 further provides:
" 'Perpetration of a felony.' The act of the defendant in engaging in or being an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, rape, or deviate sexual intercourse by force or threat of force, arson, burglary or kidnapping."
See *Commonwealth v. Elliott*, 349 Pa. 488, 491–92, 37 A.2d 582, 583 (1944); *Commonwealth v. Tauza*, 300 Pa. 375, 379, 150 A. 649, 650 (1930).

mined that trial counsel's decisions had any reasonable basis."

See *Commonwealth v. Wideman,* 453 Pa. 119, 306 A.2d 894 (1973). Any attempt by appellant to defend against a charge of murder of the second degree on a self-protection theory would have exposed him to prosecution for murder of the first degree.[7] As the hearing court determined, "[d]efense counsel felt that since there was possible evidence of first degree murder, second degree murder was a proper plea." Defense counsel's testimony at the PCHA hearing further establishes that his advice that appellant could not use self-protection as a defense was based on a sound and reasonable consideration of many circumstances including appellant's description of the events leading to the killing.[8] It must be concluded that counsel's assistance here satisfied the standards of *Washington* and indeed constituted effective assistance. This record plainly refutes the claim that appellant's guilty plea was involuntary, unknowing and unintelligent.

7. At the time of appellant's guilty plea the death penalty was in existence as a possible sentence for murder of the first degree under the Crimes Code, 18 Pa.C.S.A. § 1102, and the Sentencing Code, 18 Pa.C.S.A. § 1311. These provisions were subsequently held unconstitutional in *Commonwealth v. Moody,* 476 Pa. 223, 382 A.2d 442 (1977), cert. denied, 438 U.S. 914, 98 S.Ct. 3143, 57 L.Ed.2d 1160 (1978) (§ 1311), and *Commonwealth v. McKenna,* 476 Pa. 428, 383 A.2d 174 (1978) (§ 1102).

8. At the post-conviction hearing, defense counsel gave his reasons for his advice that a self-protection justification was not available to appellant:

"Basically we talked about the fact that although he says—although the police said they felt the evidence did not indicate, Bruce said Mr. Aumack was choking him, although the police said there was no sign of a struggle in the place. He said Mr. Aumack was choking him. He pulled the gun out in self defense and shot him. I told Bruce, since he was committing a felony at the time Mr. Aumack caught him, and that fracas, if it did happen, occurred the way he said it did, he could not use the defense of self defense, because he was committing a felony at the time. Therefore, conferring with the District Attorney, I felt second degree murder was the proper plea in this case, especially since there was possible evidence of first degree murder. And I did not want to take the chance of going to trial and a possible first degree murder. That is why we ended up entering a plea of second degree murder."

Appellant's petition for PCHA relief was properly denied. Order affirmed.