416 A.2d 1126

**COMMONWEALTH of Pennsylvania**

v.

**Marylynn MEISCHKE, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 28, 1979.

Filed Dec. 21, 1979.

136

Peter C. Bowers, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

 Appellant contends, *inter alia*,[1] that the lower court in this homicide case erred in: (1) admitting into evidence a holster and cartridges found by police in appellant's room; and (2) excluding evidence of a prior conviction of the victim offered to show his violent character. We disagree and, accordingly, affirm the judgment of sentence.

Because appellant testified at her jury trial that she shot the victim, the only issues litigated were self-defense and degree of guilt. The prosecution introduced into evidence a holster and six cartridges discovered in appellant's room by police during the course of a warrantless search. Although appellant did not move to suppress this evidence pre-trial, her attorney did object to its admission at trial. Additionally, appellant offered evidence of the victim's criminal record to show that he had a propensity for violence. Among the convictions of the victim cited by appellant, was a 1968 conviction by a magistrate for which a fine was imposed.[2] The lower court refused to admit the victim's criminal record into evidence.

Appellant was convicted of murder in the third degree and of possessing an instrument of crime generally. The lower court sentenced appellant to 5½ to 15 years on the murder charge and suspended sentence on the weapons charge. This appeal from the judgment of sentence followed.

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania, and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

1. Appellant's other contentions on this appeal are waived. Her allegation that the court erred in admitting into evidence an inculpatory statement obtained in violation of *Futch* has been waived because it was not raised in a pre-trial motion. Pa.R.Crim.P. 323(b). Similarly, the contention that it was improper for the Commonwealth to wait six months after appellant's initial arrest for hindering apprehension to indict her for murder was not raised pre-trial and is, consequently, waived. *Id.*

2. It is not clear from the record of what offense the victim was convicted.

138

■ Appellant first contends that it was error for the trial court to admit the holster and cartridges into evidence because they were obtained by means of an illegal search and seizure. A motion to suppress evidence allegedly obtained in violation of the rights of the accused must be made pre-trial, "[u]nless the opportunity did not previously exist, or the interests of justice otherwise require." Pa.R. Crim.P. 323(b). Circumstances in which we will find that the opportunity to object did not exist are limited such that "[s]imple failure to apprise oneself of facts necessary for a pre-trial suppression motion does not entitle one to relief from the Rule's mandate." *Commonwealth v. Duncan*, 257 Pa.Super. 277, 282, 390 A.2d 820, 823 (1978). In *Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977), for example, our Supreme Court refused to consider appellant's challenge to evidence where counsel alleged that the Commonwealth did not comply with his pre-trial request to reveal incriminating evidence. Finally, the decision to permit objection at trial where no pre-trial motion has been filed is within the discretion of the trial judge. *Commonwealth v. Williams*, 229 Pa.Super. 390, 323 A.2d 862 (1974).

■ In the case at bar, appellant's counsel has not made the requisite showing of the absence of an opportunity to file a pre-trial motion to suppress the holster and cartridges. He alleged simply that he did not know of the search and seizure and that the applicable discovery rules did not provide a means of obtaining the information. Such an allegation is insufficient to support a conclusion that the lower court abused its discretion in finding that appellant's motion to suppress made at trial was untimely. Moreover, we hold that even if the holster and cartridges were admitted in error, the error was harmless because appellant admitted the shooting and the possession of the firearm. *See Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978).

■ Appellant next contends that the lower court erred in failing to admit into evidence the criminal record of the victim. "Where a defendant alleges self-defense, he may use his deceased victim's criminal record either (1) to corrob-

orate his alleged knowledge of the victim's quarrelsome and violent character to show that the defendant reasonably believed that his life was in danger; or (2) to prove the allegedly violent propensities of the victim to show that the victim was in fact the aggressor." *Commonwealth v. Amos,* 445 Pa. 297, 303, 284 A.2d 748, 751 (1971). In order to introduce evidence for the second purpose, the accused must show that the crime of the victim was of a violent nature and not too remote in time from the homicide. *Id.* (citing *Commonwealth v. Raymond,* 412 Pa. 194, 194 A.2d 150 (1963)).

■ In the case at bar, the lower court excluded the evidence of the victim's criminal record on the grounds that the crimes were too remote in time and that the accused had no knowledge of the victim's criminal record. We agree that the evidence was properly excluded, but base our decision on different factors.[3] In 1968 the victim was charged with assault on an officer, resisting arrest, carrying a concealed deadly weapon, disorderly conduct, and breach of the peace. Although the record does not indicate on which of these charges he was convicted, the victim was sentenced by a magistrate. The jurisdiction of magistrates did not extend to any of the charges more serious than disorderly conduct at the time the victim was convicted. Moreover, we note that the penalties imposed were fines of $10.00 and $2.50 or ten days.[4] We conclude, therefore, that the offense in question could not have been the kind of crime which is probative of the violent propensities of the offender. In addition, the crime was committed seven years before the homicide, thus raising serious questions as to its relevance to the violent character of the victim at the time of the

---

3. "It is well established that an appellate court may affirm the action of a lower court on a different rationale than that advanced by the lower court in support of its Order, Decree or Judgment." *Commonwealth ex rel. Wardrop v. Warden,* 237 Pa.Super. 502, 504, 352 A.2d 88, 89 (1975).

4. The statute in effect at the time of the victim's conviction provided for a maximum fine of $10.00 for disorderly conduct. 18 P.S. § 4406.

homicide. We therefore hold that the lower court properly excluded the evidence of the victim's prior crime.

Judgment of sentence affirmed.