419 A.2d 683

**COMMONWEALTH of Pennsylvania**

v.

**Harry LOGUE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed April 3, 1980.

Roy Davis, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.[*]

PER CURIAM:

In December 1977, Harry Logue entered pleas of guilty to criminal charges of theft by unlawful taking and theft by receiving stolen goods, 18 Pa.C.S.A. §§ 3921 and 3925. Separate and consecutive prison sentences were imposed. Appeals were not entered from the judgments although adequate advice of the right to appeal was given during the sentencing proceedings. At the time of the pleas and sentencing, Logue was represented by privately retained counsel.

On December 22, 1978, Logue filed a petition seeking postconviction relief.[1] Counsel, other than trial counsel, was appointed to assist him and, after a counseled evidentiary hearing, the petition was dismissed. This appeal followed. It has been submitted for decision on written briefs.

In the petition for post–conviction relief, Logue alleged his guilty pleas were unlawfully induced and he was denied the assistance of "competent" trial counsel. At the hearing on the petition, Logue testified that he was not guilty of the charge of theft by receiving stolen goods, but he plead guilty because his attorney told him, "I wouldn't have a chance now," and that he (Logue) wanted "to save the Court time and money."

In the brief filed with this Court in support of his appeal, Logue does not press the claims made in the PCHA court.

[*] Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, is sitting by designation.

1. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp. 1979–80).

He now complains, and for the first time, that the guilty pleas were not knowing and intelligent because, during the plea proceedings, the Commonwealth failed to establish the value of the goods involved in the thefts, and this was necessary to determine if the offenses were felonies or misdemeanors of the first or second degree.[2] Logue also says the elements of the criminal charges to which he plead guilty were not explained.

Logue's trial counsel testified that Logue had made pre-trial statements to the police indicating his guilt of both of the charges to which he plead guilty; that Logue had returned to the victim the property involved in the theft by receiving stolen goods offense; and, that, in view of these circumstances, he (counsel) concluded and advised Logue "that he would be unsuccessful in a defense of that charge."

The order appealed from is affirmed for the following reasons:

■ (1) the issues urged on appeal were not raised in the trial court during the post–conviction relief proceedings and, hence, are not properly before this Court for review. *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977). Cf. *Commonwealth v. Jones*, 478 Pa. 172, 386 A.2d 495 (1978);

■ (2) Logue has not met his burden of proving ineffectiveness of trial counsel. *Commonwealth v. LaSane*, 479 Pa. 629, 389 A.2d 48 (1978); and,

■ (3) since the issues now raised were cognizable, but not raised on direct appeal and no extraordinary circumstances have been established to excuse this failure, the issues are waived. Section 4 of the PCHA, 19 P.S. § 1180–4 (Supp. 1979–80); *Commonwealth v. LaSane*, supra.

It is so ordered.

2. The grading of criminal offenses involving theft depends upon the value of the goods involved. 18 Pa.C.S.A. § 3903 (Supp. 1979–80).