436 A.2d 1203

COMMONWEALTH of Pennsylvania,

v.

Andrew KELLER, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Nov. 6, 1981.

Patrick J. Flannery, Assistant Public Defender, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before BROSKY, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an Order of the Court of Common Pleas of Luzerne County denying post-conviction relief without a hearing. We affirm.

The record reflects the following procedural history:

On January 22, 1979, appellant, Andrew Keller, entered a counseled plea of guilty to the charges of receiving stolen property and false reports to law enforcement authorities. On March 16, 1979, he was sentenced to concurrent terms of imprisonment of one to five years minus one day and one to two years, respectively. Ten days later, appellant filed a timely direct appeal to this Court, which was later withdrawn. On June 26, 1979, appellant's motion for resentencing, requesting a transfer from the county prison to a state correctional institution, was granted. Subsequently, appel-

lant also filed a petition to vacate and reconsider sentence which was denied.[1]

On February 8, 1980, appellant filed a *pro se* Post Conviction Hearing Act petition.[2]  Counsel was appointed, and an amended petition was filed on February 26th.  The court entertained oral argument on the petition on March 24 and denied the relief requested.  This appeal followed.

Appellant first contends that he may withdraw his guilty plea because the trial court failed to inform him at sentencing that a petition to withdraw a guilty plea must be filed within ten (10) days of the imposition of sentence.  See Pa.R.Crim.P. 1405(c)(3).  We, however, cannot review the merits of this claim because it has been waived.

In order for a defendant to be eligible to obtain relief under the Post Conviction Hearing Act, "the petitioner must establish, inter alia, that the claim upon which he seeks relief, 'has not been finally litigated or waived' ".  *Commonwealth v. Lochman*, 265 Pa.Super. 429, 432–434, 402 A.2d 513, 515–6 (1979).  Under that Act, an issue is waived if:

"(1) *The petitioner knowingly and understandingly failed to raise it and it could have been raised* before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, *or in a prior proceeding actually initiated under this Act* ; and

(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

19 P.S.A. 1180–4(b) (1981–2) (Emphasis added).

To begin with, in the instant case, appellant for the *first* time argues on appeal to our Court that his guilty plea was induced unlawfully because the trial court failed to advise him of his right to withdraw the guilty plea within ten (10)

---

1.  This motion was in the nature of a request for parole, the basis for which was the need to support appellant's children and the terminal illness of his mother.

2.  The Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S.A. § 1180–1 *et seq.* (1981–2).

days of the imposition of sentence. In appellant's counseled petition, he alleged the following: (1) his confession was coerced by the police; (2) evidence was obtained as a result of an unconstitutional search and seizure; (3) his guilty plea was entered involuntarily because of his failure to understand the nature of the charges against him; and (4) his guilty plea was induced unlawfully by a coerced confession. The claim concerning appellant's right to be advised of his right to withdraw the guilty plea at sentencing was not raised in appellant's *counseled* PCHA petition.

In *Commonwealth v. Mitchell*, 477 Pa. 274, 280–1, 383 A.2d 930, 933 (1978), our Supreme Court "refuse(d) to consider anything not raised in a counseled petition. See Pa.R. Crim.P. 1506(4)." Accord *Commonwealth v. Wilson*, 482 Pa. 350, 354, 393 A.2d 1141, 1144 (1978); *Commonwealth v. Robinson*, 253 Pa.Super. 496, 501, 385 A.2d 448, 451 (1978). Likewise, when this Court was examining a similar contention, we said:

> "Appellant now argues on appeal to our court that his guilty plea was unlawfully induced because he was not informed by the lower court that a guilty plea would result in a waiver of the right to subsequently raise various issues (unlawful arrest, unlawful search and seizure, double jeopardy, and violation of Rule 1100). Our Supreme Court has held that where the court below has not had a proper opportunity to decide a question, the question will not be decided on appeal. *Commonwealth v. Bittner*, 441 Pa. 216, 221, 272 A.2d 484 (1971). In the case before us, appellant, although represented by counsel at the time did not raise this issue anywhere in the PCHA proceedings. This issue is therefore waived." *Commonwealth v. Robinson, Id.*[3]

**3.** As our Supreme Court has said:

"Appellate Courts render a disservice to judicial economy and the efficient operation of our court system where they freely accept issues that could have and should have been first presented to the courts below for their consideration." *Commonwealth v. Mitchell*, 464 Pa. 117, 123, 346 A.2d 48, 52 (1975) (quoting *Commonwealth v. Reid*, 458 Pa. 357, 358, 326 A.2d 267, 268 (1974)). Accord *Commonwealth v. Waters*, 248 Pa.Super. 123, 127, 374 A.2d 1348, 1351 (1977).

We also find that because appellant "did not raise this issue (i. e., whether he is entitled to withdraw his guilty plea because the trial court failed to advise him of his right to file a motion to withdraw the plea within 10 days of the imposition of sentence) anywhere below in the PCHA proceedings", the issue is waived. *Commonwealth v. Robinson, Id.* Accord *Commonwealth v. LaSane,* 479 Pa. 629, 631–632, 389 A.2d 48, 49–50 (1978); *Commonwealth v. Logue,* 277 Pa.Super. 106, 419 A.2d 683, 684 (1980).

In certain situations, the theory of waiver is inapplicable where a petitioner is able to prove the existence of "extraordinary circumstances" excusing one's failure to raise the issue below. See 19 P.S.A. § 1180–4(b)(2). Most notably, "extraordinary circumstances" have been found to exist where a claim of the ineffective assistance of counsel was raised, see e. g., *Commonwealth v. Watlington,* 491 Pa. 241, 420 A.2d 431 (1980); *Commonwealth v. Gans,* 271 Pa.Super. 193, 412 A.2d 642 (1979); *Commonwealth v. Martin,* 258 Pa.Super. 412, 392 A.2d 860 (1978), or where appellant's PCHA petition was filed without the advice of counsel. See *Commonwealth v. Fiero,* 462 Pa. 409, 341 A.2d 448 (1975). Neither issue is present in this case as counsel's effectiveness is not challenged, see Brief for Appellant at 4: "Petitioner does not allege denial of his constitutional right to representation by a competent lawyer."); and appellant's amended PCHA petition was filed below with counsel's advice.[4]

Appellant next argues that the trial court should have conducted a hearing on the following claims: (1) the evidence was obtained as a result of an illegal search and seizure; (2) his confession was coerced; and (3) his guilty

---

4. Inasmuch as the stewardship of Patrick J. Flannery, Esq., appellant's attorney from the Public Defender's Office of Luzerne County, was not questioned, the trial court need not assign a different attorney to assist appellant at the PCHA proceeding "given the claim made by appellant." *Commonwealth v. Cooke,* 288 Pa.Super. 205, 208 ftn. 5, 431 A.2d 360, 362 ftn. 5 (1981); Accord *Commonwealth v. Jennings,* 285 Pa.Super. 295, 298 ftn. 2, 427 A.2d 231, 232 ftn. 2 (1981). For edification purposes, we note that "[w]hile an indigent is entitled to free counsel, he is not entitled to counsel of his own choosing." *Commonwealth v. Chumley,* 482 Pa. 626 at 646 ftn. 3, 394 A.2d 497 at 507 ftn. 3 (1978).

plea was induced unlawfully because it was "primarily induced or motivated by the existance [sic] of the confession and the illegally obtained evidence." Brief for Appellant at 8.

With respect to these issues, we conclude that the first two issues mentioned above are waived because by entering a plea of guilty, appellant has "waive[d] the right to challenge anything but the legality of his sentence and the validity of his plea." *Commonwealth v. Montgomery*, 485 Pa. 110, 113, 401 A.2d 318, 319 (1979) (citations omitted). Although an allegation that a guilty plea was induced by constitutionally infirm evidence may be cognizable in a PCHA proceeding, see *Commonwealth v. Williams*, 485 Pa. 137, 140, 401 A.2d 331, 333 (1979), appellant only asserted below that his plea was induced by the *confession* ; therefore, he can raise that ground *only* before us. See *Commonwealth v. Logue, supra.* Insofar as appellant's claim that the plea was motivated by the coerced confession is preserved, we must remember that:

"a defendant who wishes to set aside a guilty plea must successfully demonstrate *all* of the following: (1) the existence of constitutionally infirm incriminating evidence; (2) that his guilty plea was primarily motivated by such evidence; and (3) that defendant was incompetently advised by counsel to plead guilty rather than stand trial." *Commonwealth v. Marsh*, 460 Pa. 253, 255, 333 A.2d 181, 182 (1975) (*Marsh III*) (emphasis added). Accord *Commonwealth v. Maute*, 263 Pa.Super. 220, 224, 397 A.2d 826, 828 (1979).

In the case before us, appellant has not alleged the ineffective assistance of counsel, and thus, "we need not decide whether the remaining criteria have been satisfied." *Commonwealth v. Maute*, 263 Pa.Super. at 225, 397 A.2d at 828;[5]

5. Even assuming under *arguendo*, that the remaining criteria could be considered under *Commonwealth v. Marsh*, supra, *Marsh I* (i. e., if the incriminating evidence was constitutionally infirm or if the plea was primarily motivated by that evidence), we have engaged in an independent review of the record and also conclude that the issues

See also *Commonwealth v. Marsh*, 440 Pa. 590, 592, 271 A.2d 481, 483 (1970) (*Marsh I*).

The order of the court below is affirmed.

raised before this Court and before the court below have no substantive merit.

In its opinion, the trial court said that appellant was not entitled to relief on the issues presented in the PCHA petition, as stated *infra* at 3, because inter alia, "Petitioner has failed to (and henceforth cannot) question the competency of his Counsel." Trial court opinion at 3. Although we agree that appellant's attack on whether his guilty plea was induced improperly cannot be considered because appellant "has failed to ... question the competency of his Counsel," trial court opinion at 3, this Court disagrees with the statement that appellant "henceforth cannot" question counsel's competency. See e. g., *Commonwealth v. Dimitris*, 484 Pa. 153, 398 A.2d 990 (1979); *Commonwealth v. Hubbard*, 472 Pa. 259 ftn. 6, 372 A.2d 687, 695 ftn. 6 (1977); *Commonwealth v. Reider*, 267 Pa.Super. 359, 364, 406 A.2d 1081, 1084 (1979), *Commonwealth v. Maute*, supra.

We also note that the PCHA court has filed a comprehensive opinion dismissing appellant's claims (i. e., the search and seizure were illegal, his confession was coerced, his guilty plea was induced by the existence of the coerced confession and appellant failed to understand the nature of the charges against him) because of waiver *and* on the substantive merits. However, we have concluded that appellant's attack on his guilty plea could not be set aside for different reasons than those set forth by the trial court. Although we have relied in part on grounds different from those stated in the trial court, this Court on appeal "may affirm the action of a lower court on a different rationale than that advanced by the lower court ...." *Commonwealth v. Meischke*, 273 Pa.Super. 134, 139 ftn. 3, 416 A.2d 1126, 1128 ftn. 3 (1979); See also *Commonwealth v. Allsup*, 481 Pa. 313, 316, 392 A.2d 1309, 1311 (1978).