451 A.2d 255

**In re ESTATE OF Renee S. ROOS, Deceased.**

**Appeal of Adrienne Roos WOOD.**

Superior Court of Pennsylvania.

Argued Nov. 5, 1981.

Filed Oct. 1, 1982.

Petition for Allowance of Appeal Denied Jan. 20, 1983.

---

William A. Harvey, Philadelphia, for appellant.

John J. Speese, Philadelphia, for participating parties.

Before BROSKY, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from an order of the court below which granted a petition for counsel fees in the amount of $900.00 to appellee, Donald Copeland.[1]  We affirm.

The facts, as summarized by the court below, are as follows:

The underlying cause of action is an appeal by appellant, Adrienne Wood, to the Court of Common Pleas of Philadelphia County from probate by the Register of Wills of a writing purported to be her mother's will.  Appellee, Donald Copeland, was the scrivener of that will.  In that appeal, which was filed with the Orphans' Court Division on February 25, 1980, Adrienne Wood named Copeland as a party. She alleged that

> ". . . Maggie Kephart introduced decedent to attorney Donald Copeland . . . and by and through Donald Copeland, did exert mental pressure and undue influence upon decedent to persuade her to execute said writing. . . ." Par. 5(b), Appeal.

Adrienne Wood also alleged that

> "[Appellant] believes and expects to be able to prove that the said paper writing was the product of fraud on the part of Maggie Kephart and the scrivener Donald Copeland, acting together . . . ." Par. 6, Appeal.

Preliminary objections to the appeal were filed alleging, inter alia, that the appeal was insufficiently specific.  That objection was sustained; however appellant was granted leave to file, within 90 days, an amended appeal.  The extension was granted in order to permit Adrienne Wood to avail herself of discovery in aid of the pleading.  Thereafter,

---

1. An order allowing counsel fees is a final, appealable order. *Henderson v. Henderson,* 458 Pa. 97, 327 A:2d 60 (1974).

on August 27, 1980, appellant's attorney took Attorney Copeland's deposition, and on September 9, 1980, appellant filed her "Amended Petition on Appeal from Probate." The amended petition did not name Attorney Copeland as a party, and the foregoing references to him quoted from the initial appeal were deleted from the amended appeal. On October 10, 1980, Copeland was formally "dropped from the record as a party respondent." His petition for counsel fees was filed November 3, 1980, and the matter was heard on January 6, 1981.

At the hearing, appellee testified that the allegations of wrongdoing and impropriety leveled against him by the first appeal from probate were totally without foundation. He stated that he had no interest in the proceedings, being neither a beneficiary of the estate, relative of the decedent, nor an executor. He had no understanding with any heirs about the estate. He further testified that his counsel had expended a total of 12.45 hours in representing him as a party to the proceedings. No testimony was offered by or on behalf of the appellant.

The court entered an order awarding appellee counsel fees, and the instant appeal followed.

Appellant raises the following issues: (1) whether the trial court erred as a matter of law in holding that appellee was entitled to an award of attorney's fees under Section 2503 of the Judicial Code, 42 Pa.C.S.A. § 2503, where appellee failed to present any evidence to show that appellant's conduct in commencing the action was arbitrary, vexatious, or in bad faith; and (2) whether the trial court erred as a matter of law in holding that appellant's answer to paragraph 8 of appellee's petition constituted an admission under Rule 1029 of the Rules of Civil Procedure. For the reasons herein stated, we affirm the trial court's order.

■ To begin with, appellant's claim concerning sufficiency of the evidence requires an inquiry into whether appellee sustained his burden of proving by a preponderance of the evidence that the conduct of appellant in commencing the

lawsuit was arbitrary, vexatious or in bad faith. When examining appellant's contention, we must remember the following guidelines:

"when a litigant 'has the burden of proof' it means that he has made a claim which he cannot expect to have accepted until he offers proof sufficient to support it; and the least degree of proof any claimant can offer in order to obtain persuasion is proof which *fairly outweighs* the probative value of any proof offered against the claim. If the evidence does not fairly preponderate in favor of his claim he has failed to carry his burden of proof. Since proof by a 'preponderance of the evidence' is the lowest degree of proof recognized in the administration of justice, the *evidence* the burdened party offers does not become *proof* until it *preponderates*[1] in evidentiary weight against the opposing evidence.

---

[1] In *Thompson v. Dyson,* 120 Kan. 591, 244 P. 867, 868, it was held: ' "Burden of proof" means preponderance of evidence, that is, greater weight of evidence, in view of all facts and circumstances of case.'

In *Lynch v. Figge,* 200 App.Div. 92, 192 N.Y.S. 873, 875, it was held: 'The "burden of proof" means on whom rested the duty of furnishing a preponderance of the evidence.'

In accord: *State v. Paulsgrove,* 203 Mo. 193, 101 S.W. 27, 30; *Holloway v. Texas Indemnity Ins. Co.,* Tex.Cr.App., 40 S.W.2d 75, 77."

*Se-Ling Hosiery v. Margulies,* 364 Pa. 45, 48–49, 70 A.2d 854, 856 (1950). (emphasis in original.)

In this connection, we also have said that the burden of proof may shift during the course of the trial in the following manner:

" 'If he [the plaintiff] makes a prima facie case, and nothing is done by the other side to answer it "the plaintiff wins." ' * * * there are points at which the onus of proof shifts, * * * it is not a burden which rests forever on the person *on whim it is first cast, but as soon as he, in his turn, finds evidence which, prima facie, rebuts the evidence against which he is contending, the burden shifts until again there is evidence which satisfies the demand.* Now, that being so, the question as to onus of proof is only

a rule for deciding on whom the obligation rests of going further, if he wishes to win.'" *Arco Metalscraft Co. v. Shaw*, 364 Pa. 39, 44, 70 A.2d 850, 853 (1950) (Emphasis added).

With this framework in mind, the applicable statute, 42 Pa.C.S.A. § 2503, set forth below, which formed the basis of appellee's petition for counsel fees must be scrutinized:

"**§ 2503. Right of participants to receive counsel fees**

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

(1) The holder of bonds of a private corporation who successfully recovers due and unpaid interest, the liability for the payment of which was denied by the corporation.

(2) A garnishee who enters an appearance in a matter which is discontinued prior to answer filed.

(3) A garnishee who is found to have in his possession or control no indebtedness due to or other property of the debtor except such, if any, as has been admitted by answer filed.

(4) A possessor of property claimed by two or more other persons, if the possessor interpleads the rival claimants, disclaims all interest in the property and disposes of the property as the court may direct.

(5) The prevailing party in an interpleader proceeding in connection with execution upon a judgment.

(6) Any participant who is awarded counsel fees as a sanction against another participant for violation of any general rule which expressly prescribes the award of counsel fees as a sanction for dilatory, obdurate or vexatious conduct during the pendency of any matter.

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

(8) Any participant who is awarded counsel fees out of a fund within the jurisdiction of the court pursuant

to any general rule relating to an award of counsel fees from a fund within the jurisdiction of the court.

(9) *Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.*

(10) Any other participant in such circumstances as may be specified by statute heretofore or hereafter enacted.

1976, July 9, P.L. 586, No. 142, § 2, effective, June 27, 1978." (Emphasis added.)

We have reviewed the record in the manner expressed above and conclude that the evidence appellee presented was sufficient to establish a cause of action under 42 Pa.C.S.A. § 2503(a). The testimony appellee presented was as follows:

"BY MR. SPEESE [Attorney for Appellee]:

Q Mr. Copeland, were any of the allegations made against you in [the proceedings in which appellant alleged that appellee committed a fraud] true?

A Absolutely not.

Q What interest, if any, did you have in these proceedings?

A None whatsoever. I had no interest then and I have no interest at this time. Regardless of who is successful in the appeal from probate, I don't stand to gain one thing one way or the other.

Q In other words, you are not a beneficiary?

A I'm not a beneficiary.

Q You're not an executor?

A I'm not an executor.

Q You're not a relative?

A I'm not a relative. And I have no—

Q You're not a legatee or devotee?

A No, I am not. And I have no understanding with any of the heirs with respect to anything that they may gain by the outcome of this will.

Q   In Paragraph 9 of your petition, Mr. Copeland, you stated as follows: Commencing this action against petitioner, and the allegations contained therein against petitioner, were arbitrary, vexatious or in bad faith.   How do you support that, if you can?

A   Well, the allegations against me were simply not true, they are just not true and there are no facts to support those allegations;  that it was very vexating to me to see such allegations when I knew that there was no fact to support them.

I couldn't understand why they would do such a thing because joining me in the action as a party didn't gain them anything.   I was not a party in interest.   And this was an action to set aside a will.   *And joining me in the action did nothing to further that other than, the only thing I could think of was to put pressure on me.   I was a witness; I was not a party.*

And then to compound it with the answer to preliminary objections made it even more vexatious.

*It caused me to spend a lot of additional time.   I had to go to my partner, John Speese, and ask him to represent me.   And he spent a good bit of time.*

I have been at the bar almost twenty—well, twenty years now.   And this is the first time that anything like this has ever happened to me.   I have never had anything like that alleged against me.

Q   Have you even been accused of any wrongdoing since you've been a member at the bar?

A   I have not.   And I feel I enjoy a good reputation.

Q   Excuse me, Mr. Copeland.

MR. SPEESE:   May I ask you to identify this.

(Document entitled—'Excerpted from time records of J.J.S.' marked for identification as Petitioner Exhibit No. 1.)

BY MR. SPEESE:

Q   Mr. Copeland, I show you a paper writing, undated, and ask you to identify it, if you can.

A   Yes, this is just a statement excerpted from the time records of John Speese showing the time which he expended on my behalf in this proceeding.  This was taken from our records at our law firm.  I personally checked the records yesterday and verified that these hours were marked in our records.  And they do parallel my time, because in many of these particular instances where these times are marked down, I was working with Mr. Speese on certain aspects of the case.

   MR. SPEESE:  That's our case, Your Honor.  Your witness, Mr. Harvey [Attorney for Appellant]."  Notes of Testimony at 9–12.

(Emphasis added).

After the preceding testimony was introduced, appellant's attorney cross-examined appellant during the trial; however, appellant presented no evidence on her behalf.  It appears that appellant's position was as stated in the answer she filed;  that is, appellant relied on her attorney's advice.  On this record, the trial court could have concluded by a preponderance of the evidence that the purpose behind appellant's action in commencing the lawsuit was "arbitrary, vexatious or in bad faith."  42 Pa.C.S.A. § 2503.  *See Shelton v. Evans,* 292 Pa.Super. 228, 233, 437 A.2d 18, 20 (1981) ("the jury could reasonably have concluded that the purpose behind the [malicious prosecution] complaints was not to 'bring[ ] an offender to justice' but to induce appellee to relinquish some or all of his claims as sole heir named in the will.")  (Montgomery, J., dissenting on other grounds). Moreover, we recognize that once " 'the [plaintiff] makes a prima face [sic] case, *and nothing is done by the other side* to answer it['] the plaintiff wins."  *Arco Metalscraft Co. v. Shaw,* 364 Pa. at 44, 70 A.2d at 853 (emphasis added). Hence, because appellant merely alleged, without producing a scintilla of evidence, that her actions were not vexatious since she relied on her attorney, appellee, the plaintiff, wins.[2]

---

**2.**  Because the language of the statute is disjunctive, the trial court could have concluded that appellant's conduct was either arbitrary, vexatious, or in bad faith.  Vexatious has been defined as "instituted without sufficient grounds and serving only to cause annoyance."

Even the trial court noted that "had it[, i.e., appellant's allegation of reliance,] been established, an interesting question would be presented as to whether fees should be assessed against [either] party or counsel." Trial Court's Opinion at 5.

Appellant additionally argues that "[c]ontrary to the opinion of the lower court, Opinion, at pages 4–5 [R.R. at 77–78], it was not Appellant who had the burden of presenting evidence that her conduct was proper; rather, the burden of proof was and remains on the Petitioner[, appellee] who had the burden of proof in the context of the case." Brief for appellant at 17. A review of the court's opinion, however, shows that the trial court in a less than precise fashion "was not placing the burden of proof on appellant but showing its belief that appellant had not presented sufficient evidence to rebut" the evidence proffered by appellee. *See Commonwealth v. Moore,* 443 Pa. 364, 371, 279 A.2d 179, 183 (1971).

The court stated the following in its opinion:

"In the present case, there is a formal admission that the allegations against the petitioner were 'without cause, justification or facts to support (them).' *Even were that not so, the same conclusion is virtually inescapable from the record, and from the fact that, although given the opportunity to do so, respondent offered no evidence at the hearing.[\*] We note that in new matter, made a part of her answer, respondent averred that 'The act of Respondent in naming Petitioner as a party in interest in the original appeal was based upon a good faith reliance upon advice of counsel.' Petitioner replied denying that aver-*

*Santoro v. City of Philadelphia,* 59 Pa.Cmwlth. 114, 122, 429 A.2d 113, 117 (1981) (quoting The Webster New Encyclopedia International Dictionary, 1975). Bad faith, as that term has been defined, is " 'fraud, dishonesty, or corruption.' " *Frick v. McClelland,* 384 Pa. 597, 600, 122 A.2d 43, 45 (1956) (*quoting McNair's Petition,* 324 Pa. 48, 187 A. 498, 106 A.L.R. 1373). Additionally, the word "arbitrary" means "based on random or convenient selection or choice rather than on reason or nature." Webster's Third New International Dictionary, 1976. On the state of the instant record, we are satisfied that the trial court could have reasonably concluded that appellant's conduct was either arbitrary or vexatious.

*ment and demanded proof thereof. Since respondent present no evidence even her reliance upon advice of counsel has not been established.[\*\*]*

[*] This statement infers that respondent may have had the burden of going forward with the evidence in the context of the case. *Indeed, where a prima facie case is made out, as here, respondent remains silent at her own peril.*

[**] Had it been established, an interesting question would be presented as to whether fees should be assessed against party or counsel."

Trial Court's Opinion at 5 (Emphasis added).

Under the circumstances of this case, we conclude that the trial court properly decided the issue.

■ Appellant's next contention concerns whether the statement which she set forth in her answer (Paragraph # 8) constituted an admission of the allegation set forth in appellee's complaint. With respect to this aspect of appellee's petition, the pertinent portions of the petition and answer are as follows:

"PETITION FOR CITATION ON ADRIENNE
ROOS WOOD

\*       \*       \*       \*       \*       \*

8. Petitioner was originally joined in this action without cause, justification or facts to support the allegations against petitioner.

9. Commencing this action against Petitioner, and the allegations contained therein against Petitioner, were arbitrary, vexatious or in bad faith."

The answer appellant filed contained *inter alia* the following:

"8. Denied. It is specifically denied that at the time of the original Petition there did not exist cause, justification or facts sufficient to support the allegations made against Petitioner.

9. Denied. It is specifically denied that the original appeal from probate naming Petitioner as a party was arbitrary, vexatious or in bad faith. In any event, these

averments are conclusions of law to which no response is required.

10. Denied. After reasonable investigation, Respondent lacks any information sufficient to form a belief as to the truth or voracity [sic] of this averment, and it is accordingly denied. Strict proof thereof is denied.

WHEREFORE, Respondent prays that this Court dismiss the within Petition.

### NEW MATTER

11. The action of Respondent in naming Petitioner as party in interest in the original appeal was in good faith and based upon probable cause.

12. The act of Respondent in naming Petitioner as a party in interest in the original appeal was based upon a good faith reliance upon advice of counsel.

WHEREFORE, Respondent prays that this Court dismiss the within Petition."

Rule 1029 which governs our analysis on this issue contains the following language:

"(a) A responsive pleading shall admit or deny the *averments of fact* in the preceding pleading or part thereof to which it is responsive. Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.

(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission.

(c) An averment shall be deemed to be denied if proof thereof is demanded and the pleader states either (1) that after reasonable investigation he is without knowledge or information sufficient to form a belief as to the truth of the averment, or (2) that he is without such knowledge or information because the means of proof are within the exclusive control of an adverse party or hostile person.

The pleader shall not be required to state what investigation he has made or to rely upon information received from an adverse party or hostile person.

(d) Averments in a pleading to which no responsive pleading is required shall be deemed to be denied." (Emphasis added).

Although the trial court ruled that appellant's answer as framed in Paragraph 8 constituted an admission, our analysis of the issue leads to the conclusion that no responsive pleading was required because the corresponding allegation appearing in appellee's complaint (i.e., "Petitioner was originally joined ... without cause, justification or facts to support the allegations") was not strictly speaking an averment of fact. *See Kappe Associates v. Aetna Casualty & Surety Co.,* 234 Pa.Super. 627, 631, 341 A.2d 516 (1975) (where complaint stated that sums of money were due and owing, court held that such an allegation was not an averment of fact.)

The legal standard to be applied was articulated in *Kappe:*

"Rule 1029 does not define an 'averment of fact' and there are few appellate decisions which discuss the problem. The Supreme Court addressed the issue in *Srednick v. Sylak,* 343 Pa. 486, 492–493, 23 A.2d 333, 337 (1941): 'The general rule is that admissions of fact in pleadings are admissible, but that the pleader's conclusions of law are not admissions of facts in issue. *Whether an allegation is of fact or law is determined by the context disclosing the circumstances and purpose of the allegation.* In perhaps the broad sense, the statement that a party is liable to another is a statement of fact, but the same words are in general use as a statement of law, and when intended to be so used the statement may not be treated as an admission of fact.' While this test does not conclusively answer the question before us, consideration of appellant's *entire* answer compels the conclusion that appellant did not 'unequivocally and unqualifiedly' admit that it owed appellee $19,162.16."

*Id.,* 234 Pa.Superior Ct. at 632, 341 A.2d at 519 (Emphasis added).

Likewise, our review of appellant's answer as a whole necessitates a conclusion that the language couched in the complaint, "without cause, justification...", etc., although in a "broad sense the statement is a ... statement of fact, [those] same words are in general use ... a statement of law, and when intended to do so may not be treated as an admission of fact. *Id.* In any event, appellant's entire answer reveals that she did not admit "unequivocally and unqualifiedly" the allegations made in the complaint. *Id.* Nonetheless, our resolution of the Rule 1029 issue is not dispositive of the instant case because, as stated previously, "nothing [was] done by the other side[, appellant] to answer appellee's allegations at the hearing." *Arco Metalscraft Co. v. Shaw,* 364 Pa. at 44, 70 A.2d at 853. Under these circumstances, the court's order below which granted appellee's petition for counsel fees is affirmed.[3]

Order affirmed.

---

**3.** We note that even the trial court stated that the pleading issue was not dispositive when it articulated the following:

"[i]n the present case, there is a *formal admission* that the allegations against the petitioner, [appellee] were without cause, justification or facts to support (them). Even were that not so, the same conclusion is virtually inescapable from the record, *and* from the fact that, although given the opportunity to do so, respondent[, appellant,] offered no evidence at the hearing. Thus, in view of the above, appellant is not entitled to relief." (emphasis added) Additionally we "may affirm the action of a lower court on a different rationale than that advanced by the lower court...." *Commonwealth v. Keller,* 292 Pa.Super. 165, 170 n. 5, 436 A.2d 1203, 1206 n. 5 (1981) (*quoting Commonwealth v. Meischke,* 273 Pa. Super. 134, 139 n. 3, 416 A.2d 1126, 1128 n. 3 (1979).