364

463 A.2d 2

**COMMONWEALTH of Pennsylvania**

v.

**Anthony BOLDEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 1, 1983.

Filed July 15, 1983.

Robert C. Fogelnest, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, McEWEN and MONTGOMERY, JJ.

WIEAND, Judge:

On February 25, 1977, Anthony Bolden entered negotiated pleas of guilty to robbery and possession of an instru-

ment of crime. He was sentenced on May 26, 1977 to serve a term of imprisonment of not less than five nor more than twenty years. He did not thereafter file a petition to modify his sentence, did not file a petition to withdraw his pleas of guilty, and did not take a direct appeal.

On April 3, 1978, he filed a P.C.H.A. petition; counsel was appointed; and an amended petition was filed. In the amended petition, Bolden averred that because of mental infirmity he had failed to comprehend the effect of his guilty plea. His plea, he contended, had been induced by counsel who was both unprepared and ineffective. A hearing was held on this petition, after which the court dismissed Bolden's petition, finding that guilty plea counsel had been effective and that Bolden's plea had been entered knowingly, intelligently and voluntarily. No appeal was filed from this order within the time allowed.

After the time for appeal had expired, present counsel entered an appearance for Bolden and obtained from the P.C.H.A. hearing court an order allowing the filing of an appeal nunc pro tunc. An appeal was thereafter filed in which appellant abandoned arguments based on averments contained in his amended P.C.H.A. petition. Instead, he argues before this Court, apparently for the first time, that guilty plea counsel was ineffective for failing to discover and that P.C.H.A. counsel was ineffective for failing to raise by a second, amended P.C.H.A. petition that the trial court had altered a pre-trial suppression order. This alteration had occurred on the same day, either shortly before or shortly after, the entry of appellant's pleas of guilty.

A pre-trial motion to suppress oral and written statements made by appellant to the police had been heard by the trial court on February 24, 1977. At the conclusion of the hearing, the court announced that the motion to suppress was denied. The clerk recorded the court's order as follows: "Motion to suppress statements denied. Findings of fact and conclusions of law to be filed." On the following day, February 25, 1977, the court filed findings and conclusions, together with an order which denied the motion to suppress Bolden's oral statements but granted the sup-

pression of his written statements. On that same day, February 25, 1977, Bolden entered his pleas of guilty.

At the hearing on Bolden's P.C.H.A. petition, the testimony disclosed that neither the prosecuting attorney nor appellant's guilty plea counsel had been aware of the change in the court's suppression order at the time the guilty plea was entered.[1] Indeed, guilty plea counsel was not aware of the altered suppression order until confronted with it during the P.C.H.A. hearing. Although the record of the P.C.H.A. hearing discloses the foregoing facts, it does not reflect that the P.C.H.A. petition was amended to assert counsel's lack of knowledge of the amended order as a basis for relief. Similarly, the record does not disclose that this issue was argued to the P.C.H.A. court. In any event, it is clear from the court's opinion that the issue was not considered by the court.

We have reviewed the guilty plea colloquy to determine whether appellant's pleas were entered because of his written, inculpatory statements and whether he intended, by entering pleas of guilty, to waive the right to challenge further the voluntary nature of such statements. See and compare: *Commonwealth v. Unger*, 494 Pa. 592, 595–596, 432 A.2d 146, 147 (1980) ("A guilty plea waives all nonjurisdictional defects and defenses."); *Commonwealth v. Chumley*, 482 Pa. 626, 640–641, 394 A.2d 497, 504–505 (1978), *cert. denied*, 440 U.S. 966, 99 S.Ct. 1515, 59 L.Ed.2d 781 (1979) ("Upon entry of a plea of guilty, all grounds of appeal are waived other than challenges to the voluntary nature of the plea and the jurisdiction of the sentencing court."); *Commonwealth v. McCloud*, 312 Pa.Super. 29, 458 A.2d 219 (1983); *Commonwealth v. Cofield*, 310 Pa.Super. 356, 456 A.2d 650 (1983). However, the guilty plea colloquy does not contain sufficient detail to permit us to declare frivolous the contention now being made that appellant's guilty pleas were unlawfully induced by a belief that the Commonwealth would be permitted to use his written statement as evidence against him at trial. See: *Common-*

1. The clerk's record does not disclose that a copy of the suppression court's written findings and final order were ever mailed to counsel.

*wealth v. Williams,* 485 Pa. 137, 140, 401 A.2d 331, 333 (1979); *Commonwealth v. Keller,* 292 Pa.Super. 165, 170, 436 A.2d 1203, 1206 (1981) (an allegation that a guilty plea was induced by constitutionally infirm evidence may be cognizable in a P.C.H.A. proceeding). Neither can we determine from this record whether guilty plea counsel should have discovered the changed suppression order and whether P.C.H.A. counsel should have pursued guilty plea counsel's failure. See: *Commonwealth v. Marsh,* 460 Pa. 253, 255, 333 A.2d 181, 182 (1975); *Commonwealth v. Swift,* 299 Pa.Super. 77, 80, 445 A.2d 156, 157 (1982).

For this reason and because the ineffectiveness of prior counsel is being raised by new counsel for the first time on appeal, we are required to remand for an evidentiary hearing. See: *Commonwealth v. Hubbard,* 472 Pa. 259, 276–277 n. 6, 372 A.2d 687, 695 n. 6 (1977); *Commonwealth v. Stoner,* 284 Pa.Super. 364, 371, 425 A.2d 1145, 1148–1149 (1981); *Commonwealth v. Wetzel,* 276 Pa.Super. 445, 446–447 & n. 1, 419 A.2d 541, 542 & n. 1 (1980). Jurisdiction not retained.

It is so ordered.