## Prudential Property & Casualty Co. v. Mueller

*Glenn D. Hains,* for plaintiff.
*Allen L. Feingold,* for defendant.

BIESTER, JR., *J.,* November 20, 1984—In 1977, defendant and a third party were involved in a

minor accident resulting in damage of $344.16 to defendant's Cadillac. Defendant received $280.52 from the third party' insurance carrier Keystone Insurance Company. Subsequently, defendant called plaintiff demanding payment on his damages claim. Defendant denied to plaintiff that he had received payment from Keystone Insurance Company so plaintiff paid defendant $244.86. When plaintiff later discovered that defendant had been compensated by Keystone, it sued defendant on the grounds that defendant's insurance contract with it had an express policy provision requiring an insured to make restitution to his insurer for money received from third parties. In defendant's answer, he admitted having received money from Keystone. He defended his actions on the grounds that the combined payments did not adequately compensate him for the damage he sustained.

Plaintiff and defendant had a hearing before an arbitration panel in February 1980. Defendant presented no evidence and the panel awarded plaintiff $244.36 plus costs. Defendant appealed de novo to the court of common pleas demanding a jury trial. The jury awarded plaintiff $244.36. Defendant then petitioned this court for the privilege of proceeding in forma pauperis and we denied it. Defendant then appealed that denial to the Superior Court and that court dismissed his appeal. Defendant then filed post-trial motions from the jury trial, which motions were denied. Upon appeal, our court's denial was affirmed. Plaintiff now files a petition for counsel fees pursuant to 42 Pa. C.S. §2503. We deny that motion.

Subsections 7 and 9 of 42 Pa. C.S. §2503 allow the court to order a party to pay the counsel fees of his opposing party when it is awarded "as a sanction against another participant for dilatory, obdurate or

vexatious conduct during the pendency of the matter" or "when the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." The party petitioning for attorney's fees must prove by a preponderance of the evidence that defendant's conduct was arbitrary, vexatious, or in bad faith. In Re: Roos Estate, 305 Pa. Super. 86, 451 A.2d 255 (1982).

Plaintiff contends that defendant's various appeals were arbitrary, vexatious, and in bad faith because defendant admitted in his answer that he received payment twice for the damages from the automobile accident. It further alleges that defendant wasted the court's and plaintiff's resources by bringing appeals which resulted in defendant incurring costs greater than the amount in dispute.

The award of attorney's fees is discretionary for the trial court and this discretion is not abused so long as the record supports the fact that the conduct was in bad faith. Brenkle v. Arblaster, 320 Pa. Super. 87, 466 A.2d 1075 (1983). The record reflects the fact that defendant took his appeals when no legal or factual issue existed. Defendant admitted he was paid by both insurance companies and he does not dispute the fact that his insurance policy requires restitution when a party is paid by another insurance company. This court and the Superior Court found his defenses of insufficiency of the evidence and pre-trial discovery to be meritless. Thus, we find defendant's actions to be vexatious.

However, as we exercise our discretion we also find that plaintiff entered into this litigation with its eyes open as to the likely cost of recovery. Plaintiff's accounting of attorney fees reveals that plaintiff's attorney spent three and one half hours just preparing the complaint in order to recover $244.86 from defendant. Plaintiff's attorney charges $75 an hour

so the preparation and filing of the complaint cost plaintiff $262.50. This is more than plaintiff wanted to recover. Although the record reflects the fact that defendant acted irresponsibly and litigiously, plaintiff understood the situation from the beginning.

We do not wish to condone the conduct of defendant, nor can we fault the decision of plaintiff. But such decisions to sue for principle must be determined in the context of their full and ultimate financial cost. No other testing standard by which a private plaintiff can determine the seriousness with which it considers the principle it seeks to vindicate is as useful or effective. Plaintiff's motion is denied.

One wonders how many more trees must die so that this litigation might live.

## ORDER

And now, this November 29, 1984 upon consideration of the parties' memoranda of law regarding plaintiff's petition for attorney's fees, the court hereby orders, directs and decrees that plaintiff's motion is denied.