J. S09005/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BRUCE WILLIAMS, | : | No. 112 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, December 20, 2013,
in the Court of Common Pleas of Beaver County
Criminal Division at No. CP-04-CR-0001066-1975

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND ALLEN, JJ.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:    **FILED FEBRUARY 27, 2015**

Appellant, Bruce Williams, appeals from the order denying his third petition seeking collateral relief.  We affirm.

On April 1, 1976, appellant entered a guilty plea to one count of murder in the second degree for shooting and killing Ralph Aumak while burglarizing the victim's house.  Appellant was 15 years old at the time.  On April 15, 1976, appellant was sentenced to life imprisonment.  No direct appeal was filed; however, appellant did file a PCHA[1] petition in January of 1977, which, after a hearing, was denied in February of 1978.  On May 1, 1979, our supreme court affirmed the denial of PCHA relief. ***Commonwealth v. Williams***, 401 A.2d 331 (Pa. 1979).

---

[1] The Post Conviction Hearing Act ("PCHA"), 42 Pa.C.S.A. §§ 9541-9551, was modified in part, repealed in part, and renamed the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546 (1988).

Appellant filed a PCRA petition on July 13, 2010, that was denied without a hearing on October 25, 2010. An appeal was filed in this court; however, the appeal was dismissed on June 2, 2010, for failure to file a brief. **Commonwealth v. Williams**, No. 1869 WDA 2010. Appellant filed the instant, untimely PCRA petition on July 12, 2012, within 60 days of the United States Supreme Court's June 25, 2012 decision in **Miller v. Alabama**, 132 S.Ct. 2455 (2012), which held that it is unconstitutional to sentence individuals who were under 18 years of age at the time of their offense to mandatory life imprisonment without parole. Appellant's petition invoked the after-recognized constitutional right exception to the time restrictions of the PCRA. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii).

We do not have jurisdiction to review appellant's petition because Section 9545(b)(1)(iii) requires that the newly recognized right be already held to apply retroactively. **Commonwealth v. Seskey**, 86 A.3d 237, 242-243 (Pa.Super. 2014), **appeal denied**, 101 A.3d 103 (Pa. 2014). **Miller v. Alabama** has not been held to apply retroactively. Moreover, our supreme court has ruled that **Miller v. Alabama** would not be applied retroactively to persons on collateral review. **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013). In his present appeal, appellant argues that **Cunningham** was wrongly decided. However, as a subordinate court, we are unable to reverse the rulings of our supreme court.

J. S09005/15

Consequently, we are bound by **Cunningham**, and are without jurisdiction to review appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2015