Commonwealth *v.* Holloway, Appellant.

Submitted June 9, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John W. Packel* and *Melvin Dildine,* Assistant Defenders, and *Vincent J. Ziccardi,* Acting Defender, for appellant.

*Fortunata Giudice* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., September 11, 1969:

This is an appeal by Frederick Holloway from the order of the court below dismissing a post-conviction petition. On December 27, 1966, appellant entered guilty pleas to 23 indictments charging him with aggravated robbery, burglary, conspiracy, assault and battery, and drug and firearms violations. He was sentenced on four bills charging aggravated robbery to an aggregate term of 10 to 30 years.

In his post-conviction petition, appellant contended that his guilty plea was induced by the threat of maximum sentences on the robbery bills and also was primarily motivated by identifications obtained in a line-up conducted in violation of his constitutional rights. After hearing, the court dismissed the petition.

The contention that the primary motivation for the entry of the plea was a constitutionally infirm line-up procedure, if true, affords a basis for invalidating the guilty pleas. *Commonwealth v. Robinson,* 430 Pa. 188, 242, A. 2d 266 (1968); *Commonwealth v. Garrett,* 425 Pa. 594, 229 A. 2d 922 (1967).

In its opinion, the court below indicated that the sole basis for its adverse ruling on the line-up aspect of the hearing was that *United States v. Wade,* 388 U.S. 218 (1967), did not retroactively grant a right to counsel at the line-up which appellant challenged. *Stovall v. Denno,* 388 U.S. 293 (1967). In so ruling, the court failed to consider that under *Stovall v. Denno, supra,* a pre-*Wade* line-up may be constitutionally invalid if the conduct of the line-up violates due process. Thus, the court below also did not resolve the factual issues

necessary to rule upon the due process issue raised by *Stovall*. As this determination has not been made and is a matter uniquely for the court below, we deem it appropriate to remand the record. In so doing, we do not pass upon whether the guilty pleas are rendered involuntary by the statements of counsel and the trial court that appellant might receive a more severe sentence by pleading not guilty.

If the court below finds the line-up did not violate due process, appellant is not entitled to relief on this claim. If, however, the line-up evidence is constitutionally invalid, appellant is entitled to relief only if the evidence was the primary motivation for the pleas.\* On remand, the court may also wish to reconsider the holding that the statements of the trial court relating to sentencing did not render the plea involuntary in light of *Commonwealth v. Evans*, 434 Pa. 52, 252 A. 2d 689 (1969).

The order of the court below is vacated and the record remanded for further proceedings consistent with this opinion.

WRIGHT, P. J., would affirm the order below on the opinion of Judge SPORKIN.

---

\* This determination is made in accordance with the standards enunciated in *Commonwealth v. Garrett, supra,* and *Commonwealth v. Baity*, 428 Pa. 306, 237 A. 2d 172. Relevant to this inquiry is whether counsel evaluated the admissibility of the line-up identifications and whether, after this evaluation, the plea was entered for such tactical or other reasons that it can be said the pleas were not primarily motivated by the identification. *Commonwealth v. Robinson, supra.*