Commonwealth *v.* Wiggins, Appellant.

Submitted September 12, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel*, Assistant Defender, and *Benjamin Lerner*, Defender, for appellant.

*Pamela P. Esposito, Mark Sendrow*, and *Steven H. Goldblatt*, Assistant District Attorneys, *Abraham J. Gafni*, Deputy District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., March 29, 1976:

On the evening of October 5, 1973, appellant-defendant Joseph Wiggins broke into a young woman's apartment, raped her, and robbed her of several pieces of jewelry. On August 26, 1974, a jury found appellant guilty on charges of burglary, robbery, and rape. The errors alleged by appellant on appeal are without merit and we will, therefore, affirm the judgment of sentence of the lower court.

The appellant's written post-trial motions consisted solely of a form challenge to the sufficiency of the evidence. Any issue not specifically raised in written post-trial motions is deemed waived. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). However, in *Commonwealth v. Bailey*, 463 Pa. 354, 344 A.2d 869 (1975), our supreme court held that the policy of requiring issues to be raised in written post-trial motions would apply only to those motions filed after the date of decision of *Blair, supra*. In this case, appellant's written post-trial motions were filed on September 3, 1974, before the date of decision of *Blair*, and, therefore, we will consider any issues raised in oral post-trial motions and entertained by the trial judge.

Appellant first contends that it was error for the lower court to admit into evidence an inculpatory statement given by him on November 21, 1973, to

Detective Williams of the Philadelphia Police Department. Appellant argues that the statement was the product of an illegal arrest.

Prior to November 21, 1973, Detective Fred Carbonara, also of the Philadelphia Police Department, had been investigating several rapes that had occurred in the Tasker Projects area. One of the victims was able to describe her assailant and thought his name was "Joey." Further investigation by Detective Carbonara in the Tasker Projects area led him to suspect that the perpetrator was Joey Wiggins. Detective Carbonara displayed a set of ten photographs to two of the victims, both of whom tentatively identified appellant's picture as that of their assailant. The victims stated that they thought that Wiggins was the perpetrator, although they could not be certain. On September 10, 1973, Carbonara obtained a warrant for appellant's arrest, telling the issuing magistrate that the victims had positively identified the appellant.

After the arrest, while Carbonara was questioning appellant about the alleged rapes in the Tasker Projects area, word was conveyed to Detective Williams that the suspect matched the description of the assailant in the crime that he was investigating, the crime for which appellant was ultimately convicted. Detective Williams questioned appellant and obtained the statement that was introduced at appellant's trial.

Appellant contends that because Detective Carbonara falsely told the issuing magistrate that appellant had been identified positively, the warrant was invalid, the arrest was invalid, and the statement was tainted. In *Commonwealth v. D'Angelo*, 437 Pa. 331, 263 A.2d 441 (1970), the Supreme Court of Pennsylvania reversed a conviction where a search warrant had been procured on the basis of false information delivered to a magistrate. In that case, however, the court noted that the search could not be "otherwise justified." 437 Pa. at 337 n. 7, 263 A.2d at 444 n. 7. It is clear, therefore, that if the search

could have been supported on some ground independent of the warrant, the conviction would have been sustained.[1]

In *Commonwealth v. Jones*, 229 Pa. Superior Ct. 224, 323 A.2d 879 (1974), our court interpreted *D'Angelo* as applying only to deliberate misstatements of material facts by police to magistrates. A material fact is one without which probable cause would not exist. It is clear then, that if Detective Carbonara had probable cause to perform a warrantless arrest, we need not consider whether the warrant in this case was valid, nor need we consider whether Detective Carbonara's misstatement was deliberate.

A police officer is authorized to arrest without a warrant when he has probable cause to believe that a felony has been committed and that the person to be arrested is the felon. *Commonwealth v. Jones*, 233 Pa. Superior Ct. 461, 335 A.2d 789 (1975); *Commonwealth v. Donnelly*, 233 Pa. Superior Ct. 396, 336 A.2d 632 (1975). In this case, Detective Carbonara knew that three women had been raped in the Tasker Projects area. The police had a description of the perpetrator as being a negro male, dark in complexion, six feet tall, thinly built, and approximately twenty years of age. One of the women knew that her assailant's first name was Joey. Two of the victims tentatively identified appellant's picture from among ten others. In addition, the police knew that appellant had once been arrested for rape in New York. Finally, when the police approached appellant to execute the warrant, he fled. These facts constituted sufficient

---

1. In *Commonwealth v. Whitson*, 461 Pa. 101, 334 A.2d 653 (1975), the Supreme Court conceded that the arrest warrant involved was invalid because the issuing magistrate had not been supplied with sufficient facts and circumstances to constitute probable cause to arrest. Nevertheless, the arrest was held legal, and the resulting statement admissible, because the arresting officer had sufficient facts and circumstances within his personal knowledge to justify a warrantless arrest.

information to supply probable cause for appellant's warrantless arrest. Thus, appellant's statement was not the product of an illegal arrest.

Appellant contends that probable cause to arrest was lacking because the identifications were tentative and because the other information possessed by the officer was uncorroborated. However, it is established in this Commonwealth that tentative identifications are sufficient even to sustain a conviction. *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A.2d 820 (1954). Certainly, no more is required for an arrest. Furthermore, it has never been the law of the Commonwealth that a victim's statements must be corroborated before an arrest can be made.

The fact that Detective Carbonara had sufficient facts and circumstances within his personal knowledge to justify a warrantless arrest also renders the misstatement of fact immaterial, as that concept is defined in *Commonwealth v. Jones*, 229 Pa. Superior Ct. 224, 323 A.2d 879 (1974). Because Detective Carbonara had probable cause to perform a warrantless arrest, the accurate facts placed before the magistrate would have supplied probable cause for the issuance of the arrest warrant. Probable cause would have existed without the misstatement of fact, and the misstatement was therefore immaterial.

Appellant's next allegation of error concerns the court's charge as to identification. The court's charge, read as a whole, *Commonwealth v. Whyatt*, 235 Pa. Superior Ct. 211, 340 A.2d 871 (1975), is fair and adequate. It substantially restates the law of identification as delineated in *Commonwealth v. Kloiber, supra.* Appellant's sole contention is that the lower court erred in failing to instruct the jury that the identification of appellant by the prosecutrix should be received with caution.

Prior to the preliminary hearing, Detective Williams spoke to the prosecutrix to familiarize her with the

hearing procedure. At that time, a picture of appellant was on Detective Williams' desk, and the prosecutrix saw the picture. At the preliminary hearing, the victim positively identified the appellant. The procedure used by the police was unquestionably careless and is not to be condoned under any circumstances. We have no trouble labeling the photographic display as potentially suggestive. However, the potentially suggestive display does not necessarily mean that the identification must be received with caution.

The lower court concluded and appellant does not contest that there was an independent basis for the prosecutrix's identification of appellant. On the night of the crime, the victim first saw appellant from a distance of five feet. During the rape, their faces were inches apart. As stated in *Commonwealth v. Kloiber, supra*, identification testimony need not be received with caution where it is positive, unshaken, and not weakened by a prior failure to identify. Under the circumstances, where the victim's identification clearly proceeds from a basis independent of any undue suggestiveness, the testimony need not be received with caution.

Appellant finally alleges that the lower court erred in refusing to grant a mistrial due to improper prosecutorial remarks. In his summation to the jury, the prosecutor stated that the "presumption of innocence is protection for the innocent, and not a shield for the guilty." [NT 130] In addition, the prosecutor commented on the motivation and ability of defense counsel, and concluded with a request that the jury reach a verdict of guilty.

There can be no question that a prosecutor is obligated to perform his task intelligently and impartially. *Commonwealth v. Toth*, 455 Pa. 154, 314 A.2d 275 (1974). A prosecutor should not express to the jury his own opinion as to the guilt or innocence of the accused. *ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution and Defense Function*

§5.8(b) (Approved Draft 1970). On the other hand, not every improper remark will warrant a mistrial. "The language must be such that its 'unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict.' " *Commonwealth v. Stoltzfus*, 462 Pa. 43, 61, 337 A.2d 873, 882 (1975), *quoting Commonwealth v. Simon*, 432 Pa. 386, 394, 248 A.2d 289, 292 (1968).

In this case the lower court held that any prosecutorial misconduct was harmless error beyond a reasonable doubt. We agree. The remarks were, at most, mildly improper, and many of them were, in fact, only responsive to remarks made by defense counsel. *Cf., Commonwealth v. Stafford*, 450 Pa. 252, 299 A.2d 590, *cert. denied*, 412 U.S. 943 (1973). Certainly, the remarks would not have caused the jury to form in their minds a "fixed bias and hostility toward the defendant." *Commonwealth v. Stoltzfus, supra*. Therefore, the lower court properly denied appellant's request for a mistrial.

The judgment of sentence of the lower court is affirmed.

HOFFMAN, J., concurs in the result.

SPAETH, J., did not participate in the consideration or decision of this case.