411 A.2d 780

**COMMONWEALTH of Pennsylvania**

v.

**Edward FARRINGTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Filed Oct. 12, 1979.

Petition for Allowance of Appeal Denied Jan. 4, 1980.

Irvin J. Kopf, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, SPAETH and LIPEZ, JJ.

CERCONE, President Judge:

This is an appeal by Edward Farrington from the order of the court below denying post conviction relief.* On October 29, 1971, appellant entered guilty pleas to the charges of aggravated robbery and burglary of a doctor and a patient in his office, of a jewelry store, and of an oil company. He was sentenced to eight to twenty years imprisonment to be served concurrently on all charges except for one prior aggravated assault conviction for which defendant was sentenced to five years probation to be served consecutive to the other sentences. A direct appeal was never filed by appellant.

In his post conviction petition, appellant contended that his guilty plea was the result of an allegedly constitutionally invalid arrest and line-up and also was primarily motivated by constitutionally invalid oral and written admissions and confessions after his arrest. After hearing, the court dismissed the petition. We affirm the judgment of the lower court.

A collateral attack on a guilty plea requires (1) an involuntary pre-trial confession or other constitutionally infirm evidence; (2) that the guilty plea was primarily motivated by such evidence; and (3) that defendant was incompetently advised by counsel to plead guilty rather than go to trial. *Commonwealth v. Taylor*, 449 Pa. 345, 296 A.2d 823 (1972); *Commonwealth v. Holloway*, 215 Pa.Super. 136, 257 A.2d 308 (1969). The contention, therefore, that the primary motivation for the entry of the plea was a constitutionally infirm arrest, line-up, and confession, if true, affords a basis for invalidating the guilty pleas.

The basis for an adverse ruling on the arrest aspect of the hearing is that Pennsylvania law authorizes a police officer to arrest without a warrant where he has probable cause to believe that a felony has been committed and that the

* Jurisdiction of the Superior Court is based on 1970, July 31, P.L. 673, No. 223, Art. III, § 302, 17 P.S. § 211.302.

person to be arrested is the felon. *Commonwealth v. Donnelly*, 336 A.2d 632, 233 Pa.Super. 396 (1975).

■ We feel in the instant case that the police had probable cause to arrest appellant when the alleged victim of the crime saw Farrington leaving a taproom, and told a police officer on the street that Farrington had robbed him at gunpoint and went with the police to identify Farrington before the arrest. There are several Pennsylvania cases which permitted a warrantless arrest for a felony based on the victim's identification of the assailant to the police. Tentative identifications are sufficient to sustain conviction. Furthermore it has never been the law of the Commonwealth that a victim's statements must be corroborated before an arrest can be made. *Commonwealth v. Wiggins*, 361 A.2d 750, 239 Pa.Super. 256 (1976); *United States ex rel. Young v. Rundle*, 308 F.Supp. 1477 (D.C.1969); *Commonwealth v. Bendas*, 38 Northumb.L.J. 88 (Pa.Quar.Sess.1965).

■ The basis for our adverse ruling on the confession and inability to know he had a right to counsel before making the confession because he was too intoxicated is that drinking does not automatically invalidate his subsequent incriminating statement; the test is whether he had sufficient mental capacity at the time of giving his statement to know what he was saying and to have voluntarily intended to say it. *Commonwealth v. Smith*, 447 Pa. 457, 291 A.2d 103 (1972). Appellant's past therapy for alcoholism and the fact that appellant had been drinking alcoholic beverages for about six hours do not alone make his confession inadmissible, but go to the weight to be accorded to it. The only testimony as to Farrington's intoxication on the day of his arrest was by the appellant himself.

■ The Commonwealth is required to show voluntariness of confession only by a preponderance of credible evidence. *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); *Butler v. Rundle*, 429 Pa. 141, 239 A.2d 426 (1968). The post-conviction fact-finder elected not to believe the appellant's testimony as to his condition and

capacity at the time of giving his statement without the presence of an attorney. An appellate court does not weigh evidence or pass upon the credibility of witnesses. Thus, there is no basis for us to hold as a matter of law that the post-conviction fact-finder's findings of voluntariness of the confession without the assistance of an attorney was not adequately supported and well within the court's discretion. *Commonwealth v. Smith*, supra.

█ The basis for our adverse ruling that appellant was not incompetently advised by counsel to plead guilty rather than go to trial is that the trial judge in the lower court clearly advised appellant that he had a right to plead not guilty and he replied that he understood. The appellant was further asked whether he was pleading guilty voluntarily and of his own free will and to both questions he replied in the affirmative. He also replied that he understood the effect of his guilty plea. The court also asked the defendant whether he had a chance to discuss his case with counsel and if he was satisfied with counsel's representation. To both questions the defendant replied "Yes, sir." Therefore it is very unlikely that appellant was still under the misconception that he *had* to plead guilty because of his past admissions and confessions. We find that appellant's *primary* motivation for pleading guilty was not ignorance of his rights, but rather the plea bargaining arrangement whereby appellant agreed to plead guilty to three out of ten "incidents" of crimes he allegedly committed.

Our final consideration is appellant's claim of ineffective assistance of counsel.

█ We affirm the lower court's holding that appellant has failed to show that the actions taken by trial counsel had no reasonable basis to effectuate the interest of his clients. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Counsel's reasonable basis for advising defendant to plead guilty was (1) Counsel's obtaining for defendant the withdrawal of prosecution of charges in seventeen bills of indictments including the District Attorney's

recommendation of a sentence of twelve to thirty years, although the statutory maximum was 143 years imprisonment; (2) Counsel's representation at the guilty plea hearing resulted in a much more lenient sentence than that recommended by the prosecutor. Furthermore, counsel's decision to withdraw his motion to suppress the admissibility of defendant's confession and line-up identification was reasonable in that counsel had now obtained a very favorable plea agreement. Thus, under *Washington v. Maroney,* supra, a reasonable basis is found; therefore, our inquiry ends.

For the foregoing reasons appellant has failed to prove all three requisites to successfully collaterally attack his guilty plea. We, therefore, affirm the lower court's denial of appellant's PCHA petition.

LIPEZ, J., concurs in the result.