417 A.2d 656

**COMMONWEALTH of Pennsylvania**

v.

**Michael BARNES, Appellant.**

Superior Court of Pennsylvania.

Argued July 30, 1979.

Filed Dec. 21, 1979.

Lawrence J. Roberts, Philadelphia, for appellant.

Lee Kaplan, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, Criminal Division, by the defendant-appellant, Michael Barnes, after a trial by jury and conviction of second degree murder and conspiracy.

On July 2, 1974, at about 5:05 A.M., the body of Lorenzo Burnside was discovered by a police officer lying face up on the north sidewalk of Cuthbert Street next to the Forty-Five Hotel in Philadelphia in a direct line path of fall from a lighted open fourth floor bathroom window of the hotel. Post-mortem examination indicated multiple injuries including strangulation, puncture wounds of the back, tears to the heart, lung, spleen and liver, abrasions to the left eye, nose, lips and others. Also there were indications that the victim had been sexually assaulted by deviate means.

Appellant contends the evidence is not sufficient to sustain a conviction of second degree murder.

This offense was defined at the time of defendant's trial by 18 C.P.S.A. § 2502(b) as follows:

"A criminal homicide constitutes murder of the second degree when the death of the victim occurred while defendant was engaged as a principal or accomplice in the perpetration of a felony."

1972, December 6, P.L. 1482, No. 334, § 1, amended 1974, March 26, P.L. 213, No. 46, § 4.

Defendant's argument on sufficiency is three-pronged: (1) that there was insufficient evidence to establish the perpetration of the underlying felony, involuntary deviate sexual

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County Pennsylvania are sitting by designation.

intercourse; (2) that, if the felony was established, the evidence was insufficient to establish that he was engaged in it as an accomplice; and (3) even if he was engaged in the perpetration of the felony as an accomplice, the felony murder doctrine was inapplicable since the evidence was insufficient to establish that the death of the victim occurred during the perpetration of the felony.

The standard for review of sufficiency claims is set forth in *Commonwealth v. Rose*, 463 Pa. 264, 267–268, 344 A.2d 824, 825–826 (1975):

> "The test for the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime had been established beyond a reasonable doubt. [citations omitted] Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced."

█ The appellant's statement and the corroboration by testimony of other witnesses, the post-mortem findings and the physical facts amply support the finding that the felony, involuntary deviate sexual intercourse had been committed, that appellant was an accomplice, and that death resulted during the perpetration of a common design which the jury resolved by its verdict. *Commonwealth v. McNeal*, 456 Pa. 394, 319 A.2d 669 (1974); *Commonwealth v. Brown*, 467 Pa. 388, 357 A.2d 147 (1976).

Appellant contends his confession was the result of an unlawful arrest and should have been suppressed.

Probable cause was abundant in the evidence presented at the suppression hearing as found by the court below.

█ Probable cause exists if the factual and circumstantial information available to the police at the time of arrest would justify a reasonably prudent man in the belief that a crime had been committed and that the individual arrested was the probable perpetrator. *Commonwealth v. Dickerson,*

468 Pa. 599, 605, 364 A.2d 677, 680 (1976). Here, clearly, a crime had been committed: the decedent had been assaulted and strangled to death and apparently dropped from a fourth floor window. Furthermore, the conclusion that defendant was the probable perpetrator was all but mandated by the direct and circumstantial evidence: (1) the killing was part of a homosexual assault; defendant was a homosexual who had been arrested several times for sexual crimes; (2) the killing was a accomplished by violent means; defendant had a history of arrests for violent crimes; (3) the killing had occurred in the Forty-Five Hotel and most likely on or near the fourth floor bathroom, the window of which had been the avenue of the killer's disposal of the body; defendant was living on the fourth floor of the Forty-Five Hotel, in close proximity and with easy access, to the fourth floor bathroom, and all other residents of the hotel had been interviewed and removed from suspicion; (4) defendant had fled from his apartment, leaving his possessions behind and not been seen there or in his usual haunts since the time of the killing. Clearly, defendant's flight, considered with all of the other facts known to the police, justified the police in concluding that defendant had probably killed the decedent. See *Commonwealth v. Jones,* 457 Pa. 423, 428, 429, 322 A.2d 119, 123 (1974); *Commonwealth v. Jones,* 478 Pa. 172, 386 A. 2d 495 (1978).

■ It is well established that, where the accused testified in his own behalf and substantially reiterates the factual narrative of a confession claimed to be inadmissible, the admission into evidence of the confession, if error, is harmless beyond a reasonable doubt. *Commonwealth v. Hart,* 471 Pa. 271, 370 A.2d 298 (1977); *Commonwealth v. Cummings,* 466 Pa. 332, 353 A.2d 381 (1976).

■ The Commonwealth's contention sought to establish motive by this testimony since their basic theory was that the victim was killed to prevent his appearance in court to

testify to that very crime. The giving of a partial definition of the crime was necessary for a clear understanding by the jury of the prior prosecutions. The court later gave a full definition in its charge. The offending definition was stricken with a cautionary charge.

Appellant himself testified at trial that he was a homosexual, that he and the decedent engaged in deviate sexual intercourse on March 12, 1974, and that he and Robert Davis were homosexual lovers. He also introduced the decedent's testimony at the preliminary hearing on the prior charges as noted above. In light of this, the Commonwealth's "other crime" evidence was properly admitted by the trial court. *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975).

Appellant contends that error was committed by the trial court in permitting an expert witness to give an opinion on a hypothetical question based on information not all in the record at the time. The question was:

[DISTRICT ATTORNEY]: Assume for the purposes of my question that Mr. Burnside had been subjected to a physical assault upon his person. Assume further that the same individual who had assaulted him initially were to take him to another location for the purposes of perpetrating a second assault upon his person.

Would Mr. Burnside be able to realize that it was not in his interests to go with that individual a second time?

[DR. VAUGHN]: I would assume, based upon the hypothetical question you gave and, of course, upon what I got out of the test and the interaction I had during the time that I was with him, that he does not have the capacity to act in his own best interests.

Evidence of the two incidents were in evidence, the fatal one and the prior one. The question was relevant and not prejudicial. *Commonwealth v. Hoss*, 445 Pa. 98, 283 A.2d 58 (1971); *Commonwealth v. Daniels*, 480 Pa. 340, 390 A.2d 172 (1978).

Next appellant alleges it was error to admit his confession because proper *Miranda* Warnings were not given.

■ The record and findings by the court after the suppression hearing and the review by the trial court amply support the finding that *Miranda* Warnings were first administered prior to questioning appellant without undue delay or pressure.

His statements were corroborated by his testimony on his own behalf at trial. *Commonwealth v. Jackson*, 464 Pa. 292, 346 A.2d 746 (1975).

■ It was not error to allow the jury to view certain slides of the deceased victim. The slides were relevant to show the position of the body when found, its relation to the hotel window, and to clarify medical testimony. The Commonwealth offered 25 slides and after review by the court in camera, fifteen were admitted. Only those which would not be inflammatory or unduly stir the emotions were permitted shown to the jury. The court gave cautionary instructions to the jury before the slides were viewed and portions of same were taped out at the court's request. The admission of this evidence was not an abuse of discretion by the trial court but was essential evidence and relevant to the issues. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

It was not error to permit testimony by the Commonwealth of appellant's prior criminal activity and the preliminary hearing on same. This testimony was relevant to show identity of the perpetrator, motive and to reconstruct the chain of events leading to the homicide. *Commonwealth v. Dowd*, 472 Pa. 296, 372 A.2d 705 (1977); *Wigmore, Evidence*, § 305-363-385-390.

Judgment of sentence affirmed.

MANDERINO, J., concurs in the result.

This decision was reached prior to the death of MANDERINO, J.