496 A.2d 822

**COMMONWEALTH of Pennsylvania**

v.

**Michael BARNES, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 1985.

Filed Aug. 2, 1985.

Harold Diamond, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, for Commonwealth, appellee.

Before BECK, WICKERSHAM and CERCONE, JJ.

BECK, Judge:

This is an appeal from an order granting the Commonwealth's motion to dismiss a PCHA petition. Appellant was convicted of conspiracy and second degree murder by a jury in 1975. He was sentenced to life imprisonment for the murder conviction and a concurrent 5 to 10 year term for the conspiracy conviction. Judgment of sentence was affirmed. *Commw. v. Barnes,* 273 Pa.Super. 295, 417 A.2d 656 (1979). Appellant filed a *pro se* PCHA petition in 1983. Counsel was appointed who then filed an amended petition in the same year. The Commonwealth filed a motion to dismiss. A hearing on the motion was held, at which the merits of the petition were never discussed. The motion to dismiss was granted. At no time were the merits of the petition reviewed. This appeal followed.

The trial judge granted the motion to dismiss solely upon the basis of a 3 year delay between the time of the final decision on appeal and the time that appellant first filed his *pro se* petition. The judge noted expressly that he was not examining the merits of the petition. Appellant claims that this was error. We agree and, accordingly, remand for proceedings not inconsistent with this decision.

The judge indicated that he was dismissing the petition under the doctrine of *Commw. v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982); *Commw. v. Alexander*, 495 Pa. 26, 432 A.2d 182 (1981); *Commw. v. McCloud*, 312 Pa.Super. 29, 458 A.2d 219 (1983); and *Commw. v. Kale*, 312 Pa.Super. 69, 458 A.2d 239 (1983). Apparently, the judge read those cases as requiring the dismissal of a PCHA petition, regardless of its merit, whenever there is a delay between the final decision on appeal and the time when a petition is first filed.

■ We disagree with this reading of those cases. The delay between the final decision on appeal and the filing of a PCHA petition is only one factor to be considered in determining the merits of a petition. *Shaffer*, 498 Pa. 342, 354, 446 A.2d 591, 597 (Roberts, J. concurring with O'Brien, C.J. and Nix, J.); *Alexander*, 495 Pa. 26, 36, 432 A.2d 182, 186–87; *McCloud*, 312 Pa.Superior Ct. 29, 32 n. 3, 458 A.2d 219, 220 n. 3; *Kale*, 312 Pa.Superior Ct. 69, 72, 458 A.2d 239, 241. Ironically, the judge stated an appropriate paraphrase of the prevailing standard in rejecting appellant's reading of these cases at argument on the motion to dismiss:

> I don't want to cloud up the issues by saying when there's a delay there's some question as to whether or not there are issues of arguable merit.... That's a different doctrine. I don't want to get the two confused.

(N.T. 3/28/84, pp. 6–7).

The judge thus correctly noted that a delay casts some doubt on whether the issues in a PCHA petition are meritorious. He, however, erroneously assumed that the cited cases required dismissal even if the petition contained meritorious issues.

It has never been held that a delay alone is sufficient to dismiss a PCHA petition without assessing its merit. The cases cited by Judge Blake hold only that the delay is a factor to be considered in assessing the petition's merit. In those cases, the merits of a petition were evaluated and the

delay in filing the petition was one of the reasons for affirming the dismissal of the petition.

In *Shaffer,* the dismissal of a PCHA petition was properly based in part on delay because the delay was unexplained and the relief sought was withdrawal of a guilty plea. 498 Pa. 342, 355, 446 A.2d 591, 597. In *Alexander,* the Supreme court indicated that a delay is only one of a number of factors to assess whether an issue has been waived for PCHA purposes. 495 Pa. 26, 37, 432 A.2d 182, 186–87. In *McCloud,* a dismissal was proper partly because of delay when the defendant, at a hearing, did not prove or allege that his guilty plea was induced by ineffective counsel. 312 Pa.Superior Ct. 29, 34, 458 A.2d 219, 221. In *Kale,* we affirmed the dismissal when the delay was unexplained and the defendant attempted to withdraw a guilty plea and neither alleged nor proved the deprivation of his appellate rights. 312 Pa.Superior Ct. 69, 72, 458 A.2d 239, 241. In *Kale,* the PCHA court also held a hearing.

■ Thus, we must decide whether this dismissal was proper when an evaluation of the petition's merits was not made. The judge indicated that he would dismiss the petition even if it had merit. Such a position is untenable. An assessment of the merits of a PCHA petition must be made before it can be dismissed. *See* 42 Pa.C.S.A. § 9549. Within this determination the delay may play a factor in determining the petition's merits. We thus maintain the flexibility required for such a determination that was noted in the majority opinion in *Alexander.* 495 Pa. 26, 39, 432 A.2d 182, 188.

We decline to review the merits of the petition as suggested by the Commonwealth. We are not convinced that the petition is patently frivolous or unsupported by any trace of evidence in the record. It would be unwise for this court to usurp what is more appropriately the function of the PCHA court.

■ We conclude that the judge erred in dismissing the petition without evaluating the merits. On remand, he

should determine if the issues raised in the petition warrant a hearing. In making this determination, he may take into account the delay between the final decision on appeal and the filing of the petition. The delay alone is not dispositive of the issue. By this reasoning, we maintain the requirement that the merits of the petition be assessed while also preserving the flexibility with which this determination should be made.

Order reversed and remanded for proceedings not inconsistent with this decision.

Jurisdiction is relinquished.